UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ALI MOHAMMED SEMREEN AL-KHAWALDEH and FATIMA SOUAD FANASH AL-KHAWALDEH, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVES OF THE ESTATE OF AHMED ALI MOHAMMED KHALIF AL-KHAWALDEH, DECEASED, <br><br> Plaintiffs, <br> v. <br><br> BOYD A. "SKIP" TACKETT, <br><br> Defendant. | Case No. 6:19-cv-503 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Boyd A. "Skip" Tackett ("Defendant") files this Notice of Removal, hereby removing this action to the Waco Division of the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1442(a)(1). In support of this Notice of Removal, Defendant would respectfully show as follows:

1.  On July 26, 2019, Plaintiffs Ali Mohammed Semreen Al-Khawaldeh and Fatima Souad Fanash Al-Khawaldeh, individually and as personal representatives of the Estate of Ahmed Ali Mohammed Khalif Al-Khawaldeh ("Plaintiffs") filed a lawsuit captioned *Al-Khawaldeh, et al., v. Tackett*, Case No. 311,162-B, in the 146th Judicial District Court in Bell County, Texas. *See generally* Petition, Ex. 1.

2.  Defendant is the only named defendant in that action. Petition, Ex. 1, ¶ 4. He was served on August 6, 2019. This Notice is being timely filed within 30 days of the date of service upon Defendant.

3. This case arises from the crash of a Hughes 369 helicopter, Registration No. N530FU, near Granger, Texas on August 21, 2018. Plaintiffs' decedent, Ahmed Ali Mohammed Khalif Al-Khawaldeh ("Al-Khawaldeh") and one other individual, Michael Hawley ("Hawley"), a flight instructor, were killed in the crash. *See* Petition, Ex. 1, at ¶¶ 6, 8.

4. According to information made publicly available by the National Transportation Safety Board ("NTSB"), which is investigating this accident, and included as Exhibit A to Plaintiffs' Petition, Al-Khawaldeh was an active-duty member of the Jordanian Armed Forces at the time of his death. *See* NTSB Preliminary Report, Petition Ex. 1-A.

5. The flight in question was taken on the second day of a 14-day training course, which was being performed pursuant to a contract with the federal government of the United States for Brunner Aerospace to provide the training to Al-Khawaldeh on behalf of the United States Army Security Assistance Training Management Organization ("SATMO"). *See* NTSB Preliminary Report, Petition Ex. 1-A.

6. The purpose of the flight was to be a local orientation flight, and to provide emergency procedure recurrency training to Al-Khawaldeh.

7. The training in question was being provided by Brunner Aerospace in accordance with the SATMO contract.

8. At all relevant times, Brunner Aerospace, and its officers, employees, and representatives, including Defendant and Hawley, were acting under an agency of the United States government in an official capacity.

9. Defendant is an individual who is the president of Utility Aviation, the lessee of the aircraft in question, and the Chief Operating Officer of Brunner Aerospace, which is the owner of Utility Aviation.

10. Plaintiffs' Petition alleges that Defendant should be held directly liable for his own actions in allegedly failing to adequately review Al-Khawaldeh's credentials, and vicariously liable for the negligence of Hawley. The Petition accuses Defendant directly of failing to review or assess Al-Khawaldeh's flying skills prior to the beginning of flight training, and of being vicariously liable for the actions of Hawley, the civilian flight instructor and other occupant of the aircraft.

11. The training program in question was administered by the United States Army, pursuant to the terms of its agreement with Brunner Aerospace.

12. The syllabus of the training program that Al-Khawaldeh was participating in and that the flight was a part of was approved prior to its use by the United States government.

13. Brunner Aerospace's qualifications to perform the contract were approved by the United States Army.

14. Defendant, for purposes of this case, was an individual acting under a federal agency or relating to acts under color of office, namely the aforementioned United States Army SATMO program, and is thus a qualified "person" under 28 U.S.C. § 1442(a)(1).

15. There is a direct causal connection between Plaintiffs' claims and Defendant's alleged actions, whether direct or vicarious, performed under color of federal office, specifically the contractual performance of the SATMO program, approved by an agency of the federal government.

16. Defendant has a colorable defense under federal law. In this case, Defendant intends to invoke the government contractor defense promulgated by the Supreme Court of the United States in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), and its progeny.

17. For purposes of the training program during which the accident took place, the United States Army approved reasonably precise procedures for the operation of the program. This was provided through documented contractual guidelines and specific approvals by the government of submissions for the program by Brunner Aerospace, including by Defendant himself.

18. Defendant, acting in the course and scope of his employment with Brunner Aerospace pursuant to the contract with the United States Army, conformed to those government-approved procedures.

19. To the extent there was any danger regarding the training program, equipment, or personnel that was known to Defendant and Brunner Aerospace but not to the United States, the government was warned thereof.

20. This case is being removed to the Waco Division of the United States District Court for the Western District of Texas, which is the district and division within which the action is pending, in accordance with 28 U.S.C. § 1446.

21. All pleadings and filings that have been served upon Defendant are being filed with the Court contemporaneously with this Notice of Removal.

22. Notice that this Notice of Removal has been filed is being provided to the state court and all other parties, pursuant to the applicable statute.

Respectfully submitted,

*/s/ Ross Cunningham*
Ross Cunningham
Alex J. Whitman
**CUNNINGHAM SWAIM, LLP**
7557 Rambler Road, Suite 400
Dallas, Texas 75231
Phone:  214-646-1495
Facsimile: 214-613-1163
rcunningham@cunninghamswaim.com
awhitman@cunninghamswaim.com

**ATTORNEYS FOR DEFENDANT BOYD A. "SKIP" TACKETT**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 26th day of August, 2019, all counsel of record were served with this document in accordance with the applicable Federal Rules of Civil Procedure.

*/s/ Ross Cunningham*
Ross Cunningham