IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ALI MOHAMMED SEMREEN | § | |
| AL-KHA WALDEH and FATIMA | § | |
| SOUAD FANASH AL-KHA | § | |
| WALDEH, Individually and as | § | |
| Personal Representatives of the | § | |
| ESTATE OF AHMED ALI | § | |
| MOHAMMED KHALIF AL-KHA | § | CIVIL ACTION 6:19-cv-503-ADA-JCM |
| WALDEH, Deceased | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| BOYD A. "SKIP" TACKETT, | § | |
| *Defendant*. | § | |

**ORDER GRANTING PLAINTIFFS' MOTION TO TRANSFER VENUE**

Came on for consideration this date is Plaintiffs Ali Mohammed Semreen Al-Kha Waldeh's and Fatima Souad Fanash Al-Kha Waldeh's, Individually and as Personal Representatives of the Estate of Ahmed Ali Mohammed Khalif Al-Kha Waldeh, (collectively "Plaintiffs") Motion to transfer under 28 U.S.C. § 1404(a). ECF No. 27. Defendant Boyd A. "Skip" Tackett filed his Response and Plaintiffs filed their Reply. Def.'s Resp., ECF No. 28; Pls.' Reply, ECF No. 29. After careful consideration of the above briefing, the Court **GRANTS** Plaintiffs' Motion to Transfer.

## I. BACKGROUND

On August 21, 2018, a helicopter crashed during an instructional flight in Granger, Texas. Flight instructor Michael Hawley and student pilot Ahmed Ali Mohammed Khalig Al-Khawaldeh were aboard the helicopter and inevitably killed in the crash. Pls.' Compl., ECF No. 31 at 2. Multiple witnesses attested that the helicopter was flying at extremely low altitudes. *Id.* at 3. However, the course syllabus and requirements did not call for any low-level flights. *Id.*

The August 21st flight was conducted according to a Flight Program by Utility Aviation out of Georgetown Municipal Airport. *Id*. Utility Aviation is a company now based in Williamson County. Def.'s Resp. at 1–2, 10; Pls.' Mot. at 6–7. Boyd A. "Skip" Tackett is the President of Utility Aviation and was responsible for hiring Hawley as a flight instructor. *Id*. Tackett hired Hawley at Utility Aviation's former headquarters in Bell County, which was within the Waco Division. Def.'s Resp. at 1, 10.  Hawley's low-level flying was the cause of the accident and Defendant stated that the flying was a "serious transgression" committed by Hawley. Pls.' Compl. at 4. Plaintiffs assert that Tackett is responsible for hiring and failing to supervise Hawley. Pl.'s Compl. at 4–5. Therefore, Tackett should be directly and vicariously liable for the crash and resulting deaths. *Id.*

Plaintiffs originally filed suit in Bell County where Tackett resides. *Id.*; Pls.' Reply at 2. Bell County is the county neighboring Williamson County. *Id.* Upon transfer to federal court, Plaintiffs attempted to remand this case back to state court in Bell County in a timely fashion. Pls.' Reply at 5. Within 30 days of being denied, Plaintiffs filed a motion to transfer venue to the Austin Division. *Id.*

A dispute now arises in determining which Division of the Western District is the most convenient. Pl.'s Mot. at 7; Def.'s Resp. at 1. Brunner Aerospace and Utility Aviation are now

both headquartered in Williamson County, where the accident occurred, and Tackett works from Williamson County. Pls.' Mot. at 6–7; Def.'s Resp. at 1. All relevant documents are located in the Austin Division. Def.'s Resp. at 5. The wreckage is 84.9 miles from the Waco Division and 185 miles from the Austin Division in Lancaster, Texas.[1] Def.'s Resp. at 5, Exhibit C at 3–4. The twenty witnesses identified[2] by Plaintiff almost exclusively reside within Williamson County and all are within the subpoena power of the Austin Division. Pls.' Mot. at 9–10; Def.'s Resp. at 8. The key witness identified by both parties is within the subpoena power of the Austin Division, but not the Waco Division, although he has asserted that he is willing to travel to Waco for trial. Pls.' Mot. at 6; Def.'s Resp. at 8; Pls.' Reply at 3, 5.

## II. LEGAL STANDARD

Title 28 U.S.C. § 1404(a) provides that, for the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The party moving for transfer carries the burden of showing good cause. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) [hereinafter *Volkswagen II*] ("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must . . . clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'") (quoting 28 U.S.C. § 1404(a)).

---

[1] The location of the resulting wreckage is solely controlled by Defendant's insurer.
[2] Plaintiffs do not identify all witnesses by name but specifies enough details on their identity that it is reasonably certain they will be located within Georgetown or within the subpoena power of the Austin Division. Pls.' Mot. at 4–7. Plaintiffs additionally state that they now have access to the names of witnesses through the National Transportation Safety Board docket which confirms their earlier theories as to location of witnesses. Pls.' Reply at 4.

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Volkswagen II*, 545 F.3d at 312 (quoting 28 U.S.C. § 1404(a)). If so, in the Fifth Circuit, the "determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include:

> "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."

*In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*] (citing to *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include:

> "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law."

*Id.* A court may "consider undisputed facts outside the pleadings, but it must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party." *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 4620636, at *2 (E.D. Tex. May 22, 2018).

A plaintiff's choice of venue is not an independent factor in the venue transfer analysis, and courts must not give inordinate weight to a plaintiff's choice of venue. *Volkswagen II*, 545 F.3d at 314 n.10 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."). However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315; *see also QR Spex,*

*Inc. v. Motorola, Inc.*, 507 F. Supp. 2d 650, 664 (E.D. Tex. 2007) (characterizing movant's burden under § 1404(a) as "heavy"). "The court cannot transfer a case where the result is merely to shift the inconvenience of the venue from one party to the other." *Sivertson v. Clinton*, No. 3:11-CV-0836-D, 2011 WL 4100958, at *3 (N.D. Tex. Sept. 14, 2011).

### III. ANALYSIS

The parties do not dispute that jurisdiction for this suit is proper in the Western District of Texas. Pls.' Mot. At 8; Def.'s Resp. at 2. The dispute lies in which Division of the Western District is the most convenient. Pl.'s Mot. at 7; Def.'s Resp. at 1. Thus, the Court must consider the private and public interests implicated by transfer. *Atl. Maine Constr. Co., Inc.*, 571 U.S. at 62–63. As a general practice, this Court gives little weight to the documents' location, given the ease with which the parties may produce said documents. The fact that all of the relevant documents are located in the Austin Division, without any offsetting reason for them to be produced elsewhere, weighs slightly in favor of transfer. Def.'s Resp. at 5. The Court often gives weight to the wreckage's location. However, the wreckage in the instant case is located in Lancaster, Texas which is not within the Waco or Austin Division. *Id.* The Court acknowledges that the Parties assert the convenience of experts and counsel. Def.'s Resp. at 5; Pls.' Reply at 3. However, as Tackett himself admits, convenience of experts and counsel is not a recognized factor in conducting the § 1404 analysis. *Id.*; *In re Volkswagen AG*, 371 F.3d at 203.

The greatest dispute arises over the convenience and importance of witnesses who almost exclusively reside within Williamson County. Pls.' Mot. at 9–10; Def.'s Resp. at 8. Transfer to Austin would ensure that all witnesses are within the subpoena power of the court, which weighs in favor of transfer despite the key witness's current willingness to travel to Waco. Pls.' Mot. at 6; Def.'s Resp. at 8; Pls.' Reply at 3, 5. Only Tackett and his counsel appear to be

inconvenienced by a Transfer to the Austin Division. Def.'s Resp. at 3; Pls.' Reply at 5. Again, as Tackett himself acknowledges, the convenience of counsel is "irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). Without any compelling reason to maintain venue in Waco, the convenience of witnesses significantly favors transfer.

Additionally, only public factor two, the local interest in deciding a case at home, is implicated here. The majority of the conduct subject to Plaintiffs claims had their effects within the Austin Division, namely Williamson County. The fact that the hiring conduct occurred within the Waco Division does not divest the people of Williamson County and the Austin Division of their interest in the future conduct of Brunner Aerospace and Utility Aviation, nor their interests in the accident within the Austin Division that led to this suit. As a result, the people of the Austin Division have a greater interest in hearing the case 'at home' as the deadly crash that resulted from negligent hiring occurred in Williamson County and any future hiring and/or flight training will be conducted in Williamson County.

Tackett also argues that Plaintiffs selected the Waco Division and are now forum shopping. Def.'s Resp. at 3. Plaintiffs made a timely and reasonable request for transfer now and are not precluded from doing so based on the original choice to file within Bell County. *Lake City Stevedores, Inc. v. S.S. Lumber Queen*, 343 F. Supp. 933, 935 (S.D. Tex. 1972) ("Clearly the plain language of 1404 does not restrict its use to defendants."); Pls.' Reply at 2. There is no change in law from the Waco Division to the Austin Division, so Tackett's forum-shopping contention is found to be without merit or support.

It is therefore **ORDERED** that the Plaintiffs' motion for transfer to the Austin Division of the Western District of Texas is **GRANTED**.

**SIGNED** this 27th of October, 2020.

_____
**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**